DAUKSCH, Judge,
dissenting.
I respectfully dissent.
The sentencing judge required appellant to assist in the payment for psychological counseling for the family of an eleven-year-old child who was raped by appellant.
As sure as the little girl was the victim of appellant so were her parents. There is no question that the parent of a child who is murdered or raped is an aggrieved party and I am convinced that they will benefit from professional counseling to help them cope with the tragedy appellant inflicted upon them.
Our legal system has evolved only too recently to respect and consider the effects of crime on its victims, all of them.
It is reasonable to include the parents in the definition of the statutory “aggrieved party” and I should do so in cases of the rape of a child. In fact, I am appalled, but certainly not surprised, that appellant would resist the opportunity to provide some help for his victims, all of them. When I began the practice of law the penalty for appellant’s actions was death by electrocution. In this more enlightened age the penalty, for this appellant, who was allowed to negotiate a plea to a lesser offense (two counts of “sexual activity with a child in custodial authority”) is nine years in prison. This with his rights to gain time, good time, early release, population control release and whatever else is now or later devised to solve the “prison overcrowding problem.”
So, not only was appellant not sentenced properly, because of the sentencing guidelines, he will not have to atone in any significant fashion for the injuries inflicted.